THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ALFRED SMITH                                    *
               Petitioner,

    v.                                          *  CIVIL ACTION NO. WDQ-05-3199

STATE OF MARYLAND                   *
               Respondent.
                                 ***

## **MEMORANDUM**

Alfred Smith ("Smith") was confined at the Montgomery County Detention Center

("MCDC") when he filed a Motion for Emergency Hearing for Writ of Habeas Corpus with the

Court on November 23, 2005.  The document was construed as Smith's 28 U.S.C. § 2241 Petition

for writ of habeas corpus attacking his pretrial detention at MCDC.[1]  Smith alleged that:  (i) he was

being imprisoned without the benefit of trial; (ii) he was transferred "across state lines" without the

filing of an information or indictment; and (iii) he had not been arraigned on criminal charges.[2]

Paper No. 1.

On January 18, 2006, Respondent, the Director of Montgomery County, Maryland's

Department of Corrections and Rehabilitation,  filed a court-ordered answer.  Paper No. 5.  Smith

has filed a reply.  Paper No. 6.   The Petition is ready for this Court's consideration.  Oral hearing

is not warranted.  *See* Local Rule 105.6. (D. Md. 2004).

---

[1]  28 U.S.C. § 2241(c)(3) empowers district courts to issue the writ, inter alia, before a judgment is rendered in a criminal proceeding. *See Jacobs v. McCaughtry*, 251 F.3d 596, 597 (7th Cir. 2001) (explaining that a state court defendant attacking his pretrial detention should bring a habeas petition under 28 U.S.C. § 2241); *Stringer v. Williams*, 161 F.3d 259, 262 (5th Cir. 1998) (same).

[2]  Smith filed a supplement to his Petition on December 5, 2005, indicating that he had been transferred to the Carroll County Detention Center without his legal property.

According to the record, on September 12, 2005, Smith signed a "Waiver of Formal Extradition Proceeding," issued by the County Criminal Court of Harris County, Texas, waiving his right to formal extradition proceedings regarding three counts of felony theft in Maryland and agreeing to be voluntarily returned to Maryland to answer pending Maryland criminal charges. Paper No. 5, Ex. 1.  Smith was transported from Texas and received for confinement at MCDC on October 23, 2005.  *Id*., Ex. 2.

On October 23, 2005, Smith was brought before a Montgomery County District Court Commissioner for an initial appearance pursuant to Md. Rule 4-212(f).  *Id*.  The Commissioner committed Smith to the custody of MCDC, in default of $50,000.00 bail, to face charges on twelve counts of fraud, forgery, uttering, and theft.  *Id*.   The Commissioner also directed the MCDC Warden to produce Smith for a bail review the following day.  *Id*., Ex. 3.

On October 24, 2005, Smith appeared before District Court Judge Gary Everngam for judicial review of the Commissioner's pretrial release order.  Judge Everngam committed Smith to the custody of MCDC in default of the $50,000 bond.[3]  *Id*., Ex. 4.  On November 22, 2005, Smith appeared for trial before District Court Judge Eugene Wolfe.  During the hearing, the prosecution entered nolle prosequi decisions regarding all twelve criminal charges pending against Smith.  *Id*., Ex. 5.  As a result of the dismissal of all criminal charges, Judge Wolfe commanded the MCDC to release Smith from confinement.  *Id*.  The record reflects that Smith was confined at MCDC as a pretrial detainee from October 23, 2005, to November 22, 2005, at which time he was picked up and

---

[3]     Respondent maintains that during the proceeding before Montgomery County District Judge Everngam, Smith was: (i) notified of his right to counsel; (ii) received a copy of the charging document; (iii) advised of the nature of the charges against him; (iv) referred to the Maryland Public Defender; (v) advised of his right to a preliminary hearing; (vi) advised of his right to a jury trial; and (vii) informed that his trial was scheduled for November 22, 2005.  Paper No. 5, Ex. 4.

transported by Sheriff's deputies from Carroll County, Maryland to the Carroll County Detention

Center.[4]   Paper No. 5, Ex. 8.

On the day before this habeas petition was filed, Smith's Montgomery County criminal

charges were dismissed.  He was released from the MCDC the following day.   At that point, the

alleged unlawful pretrial detention of which he complained ceased.  This renders Smith's habeas

petition moot with regard to his MCDC pre-trial detention. *See Fassler v. United States*,  858 F.2d

1016, 1017 (5th Cir. 1988); *United States v. Baca*, 444 F.2d 1292, 1296 (10th Cir. 1971).[5]

With regard to Smith's complaints regarding his legal papers, Respondent indicates that he

request for injunctive relief has been rendered moot as Montgomery County Smith's legal papers

were forwarded to him at the Carroll County Detention Center by private mail courier (Federal

Express) on December 27, 2005.  In his undated Reply, Smith indicates that the issue is not moot

as he has "not at this time received all of my legal papers."    Smith's request for injunctive relief shall

be denied.  Respondent indicates, and it is not refuted, that Smith is represented by counsel in his

_____

[4]    Records reflect that on October 24, 2005, the Clerk from the Circuit Court for Carroll County, Maryland transmitted to the Montgomery County Department of Correction an October 20, 2005, warrant order issued by Carroll County Circuit Court Judge J. Barry Hughes which revoked Smith's bond.  The order was lodged as a detainer against Smith. Paper No. 5, Ex. 7.

[5]    In his Reply, Smith argues that there remains an "organized" effort to violate his rights.  Paper No. 6. He seemingly complains about his extradition from Texas to Maryland, arguing that in August of 2005, he was arrested in Texas on the Montgomery County warrant, but was released, only to be re-arrested. *Id*. Although the § 2241 grounds are moot with regard to Smith's Montgomery County charges and detention, it would appear that any § 2241 extradition or due process challenge to Smith's pending Carroll County revocation warrant remains viable.  There is, however, no record that Smith has exhausted his grounds before the Maryland courts with regard to the Carroll County case.  Any 28 U.S.C. § 2241 challenge to extradition proceedings is subject to exhaustion requirements. *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U. S. 484, 490-91 (1973).  As the Fourth Circuit Court of Appeals stated in the context of a federal court challenge to interstate extradition proceedings before state remedies were exhausted: "[i]t seems to us just as delicate a matter to take one out of the custody of an officer of an asylum state before rendition as to take one out of the custody of an officer of a demanding state after he has been returned there to await trial under an indictment." *Tickle v. Summers*, 270 F.2d 848, 851 (4th Cir. 1959).

Carrroll County criminal case.  Although Smith indicates that he has not received all his legal papers, he neither refutes Respondent's claims that certain legal papers were forwarded to and received by him, nor does he indicate what legal papers are missing.  Penultimately, Smith has failed to show that he is subject to irreparable harm if emergency relief is not ordered.[6]

For these reasons, Smith's 28 U.S.C. § 2241 Petition shall be dismissed and his request for injunctive relief shall be denied.  A separate Order follows.


Date: February 14, 2006                          _____/s/_____
                                                 William D. Quarles Jr.
                                                 United States District Judge

---

[6]     Where, as here, a prisoner is seeking injunctive relief in conjunction with his constitutional claim, relief may only be granted if the inmate can demonstrate: (i) the likelihood he will be irreparably harmed if emergency relief is denied; (ii) the likelihood that defendant will not be harmed if the requested relief is granted; (iii) the likelihood that the inmate will succeed on the merits; and (iv) the public interest will be served if the injunction is granted. *See Blackwelder Furniture Co. v. Seilig Manufacturing Co.*, 550 F.2d 189, 195-96 (4th Cir. 1977).